UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CECIL MCKENZIE,

                Plaintiff,                               **COMPLAINT AND JURY DEMAND**

      -against-

THE CITY OF NEW YORK, Marquis Cross,
Jose Calle-Palomeque, Robert Zevon,


                Defendants.
------------------------------------------------------------X

        The Plaintiff, CECIL MCKENZIE, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Complaint:

## INTRODUCTION

        1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the individual police officers identified herein and their employer, the City of New York.

## PARTIES, VENUE AND JURISDICTION

        2.    Plaintiff CECIL MCKENZIE is a resident of New York County in the City and State of New York and of proper age to commence this lawsuit.

        3.    At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4. At all relevant times hereinafter mentioned, defendant detective Marquis Cross, Shield No. 5721, was employed by the City of New York as a member of the NYPD. Cross is sued in his individual and official capacities.

5. At all relevant times hereinafter mentioned, defendant Police Officer Jose Calle-Palomeque, Shield No. 5721 was employed by the City of New York as a member of the NYPD. Calle-Palomeque is sued in his individual and official capacities.

6. At all relevant times hereinafter mentioned, defendant Lieutenant Robert Zevon was employed by the City of New York as a member of the NYPD. Defendant Zevon is sued in his individual and official capacities.

7. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as well as 42 U.S.C. §1983

8. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Southern District of New York.

**FACTUAL ALLEGATIONS**

9. On or about August 4, 2015, at approximately 08:10 am, plaintiff was riding a "6" train, when defendants Cross and Calle-Palomeque approached plaintiff on the north bound "6" train platform, without displaying their NYPD badge.

10. Plaintiff panicked and ran towards the stairs to the street level.

11. Defendant Cross launched at the plaintiff bringing the plaintiff down onto the staircase.

12. Defendant Calle-Palomeque handcuffed plaintiff with plaintiff's hands behind his back.

13. Detective Cross placed plaintiff in a headlock and delivered numerous blows to the plaintiff's face destroying plaintiff's eyeglasses and causing severe injuries to plaintiff's face.

14. Defendant Zevon arrived at the scene and failed to intervene or stop the assault.

15. At no point in time was it reasonable or necessary to use any force against the plaintiff, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was reasonably or necessary.

16. Thereafter, defendants transferred plaintiff to the 17th Precinct.

17. At the precinct, defendants threw a handcuffed plaintiff onto the floor.

18. Plaintiff was in severe pain and bled profusely from his nose.

19. Plaintiff asked for medical assistance, but the defendants ignored plaintiff's requests for some time.

20. In an attempt to draw the defendants' attention to plaintiff's serious medical condition, plaintiff banged the back of his head against the cell bars several times.

21. Defendants than called an ambulance and transported plaintiff to the Bellevue Hospital, where physicians diagnosed bilateral nasal bone fracture and a right orbital bone floor fracture, among other injuries.

22. Plaintiff had to remain in hospital for several days to allow for swelling to reduce so that a surgical procedure could be performed.

23. Plaintiff spent additional days hospitalized prior to being discharged.

24. As a result of the foregoing, Plaintiff was caused to suffer serious physical injury, permanent disfigurement, diminished vision, and conscious pain and suffering.

25. At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

26. At all relevant times herein, each of the individual defendants participated directly in the assault on plaintiff and the affirmative efforts to cover up that assault thereafter.

27. The defendants attempted to cover up their use of excessive force by lying about their actions even though no probable cause existed for plaintiff's arrest.

28. To the extent that any of the defendants did not participate personally in this misconduct and assault on plaintiff, each such defendant was aware of the misconduct, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct from occurring or continuing.

29. Thus, each defendant is responsible for the assault on plaintiff and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

30. In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these events.

**FIRST CAUSE OF ACTION**
**(§1983 Claim Against the Individual Defendants)**

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. The defendants, individually and collectively, used physical force against plaintiff that was unreasonable and unnecessary, and wholly without justification.

33. The defendants further failed to intervene in each other's misconduct, and then affirmatively sought to cover up said misconduct by lying

about the excessive force, the failure to intervene, and the falsified version of the facts surrounding the arrest of plaintiff.

34. To the extent that any one of the individual defendants did not personally engage in the use of force against plaintiff or the fabrication of evidence concerning plaintiff's arrest, or any of the other unconstitutional conduct alleged herein, he or she witnessed this conduct as it occurred, was aware that it was occurring or would occur, had an ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

35. By so doing, the individual defendants subjected plaintiff to excessive force and thereby violated, and aided and abetted in the violation of, plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

36. By reason thereof, the individual defendants have violated 42 U.S.C.§1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

### **SECOND CAUSE OF ACTION**
### **(Unreasonable Force)**

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

40. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CUASE OF ACTION
### (Failure To Intervene)

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
### *Monell*

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Not only has the municipal defendant effectively ratified such misconduct by NYPD members generally, the foregoing violations of plaintiff's federal constitutional rights and injuries were further directly, foreseeably,

proximately, and substantially cause by conduct, chargeable to the defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including plaintiff, who are subjected to excessive force and other misconduct by officers the NYPD know have a demonstrated history of such misconduct.

47.   Upon information and belief, the municipal defendant was on notice prior to August 4, 2015, that the individual defendants had a history of engaging in misconduct. Notwithstanding such notice, the NYPD failed to take any meaningful supervisory action or otherwise reasonably respond to the defendants' conduct, covered up their further misconduct, and left the defendants in place to continue their pattern and practice of unconstitutional behavior.

48.   For example, according to the Southern District of New York's dockets, defendant Cross has been named in at least two (2) other civil rights lawsuits in this district alleging a variety of constitutional violations. These cases include *Bruce Hansley v. City of New York*, 15 CV 9659 (LGS); *Richard Shebairo v. City of New York*, 14 CV 8485 (VSB).

49.   *Bruce Hansley v. City of New York* has resulted in a settlement paid by the City of New York.

50.   Upon information and belief, each of the individual defendants has also amassed a number of civilian complaints for a variety of misconduct.

51. Notwithstanding the litany of complaints concerning the defendants' prior misconduct, the City of New York continued to employ the defendants without any change in their status.

52. Moreover, there were, on information and belief, no meaningful investigations into these complaints, and certainly no attempt whatsoever by the NYPD or the City of New York to examine the defendants' general conduct towards the public. Put differently, the City was aware of this pattern of excessive force by some or all of the individual defendants, yet, upon information and belief, made no effort to modify, increase, supplement, or otherwise intensify the defendants' supervision, or otherwise ensure that they would not engage in such blatant misconduct.

53. The City of New York's refusal to impose any discipline, to conduct any meaningful investigation, or to otherwise express even the slightest scintilla of concern that the individual defendants were prone to unnecessary and unjustifiable violence was a clear and unequivocal endorsement of the defendants' misconduct that could only be understood as a ratification of this past misconduct that encouraged the defendants to continue to engage in such misuses of force.

54. Such actions by the City of New York are a reflection of the municipal defendant's repeated an untenable abdication of its responsibility to supervise and discipline its employees, and to otherwise protect the public from officers the NYPD knows are a threat to the public's safety and well being, and

evince a complete disregard and deliberate indifference to the rights and welfare of those with whom these officers, and the defendants in particular, interact.

55. These actions further reflect a policy, custom, and practice, or a ratification through a demonstrated failure to act to curtail such behavior, and thus the aforesaid policies, procedures, regulations, practices and/or customs of the municipal defendant were, collectively and individually, a substantial factor in bringing about the aforesaid constitutional violations by the individual defendants.

56. The City's abdication of its duty to supervise its police officers, and its tacit, if not overt, endorsement of excessive force and similar misconduct, reflects the City's deliberate indifference to the established risks that such conduct poses to the public at large.

57. The City's failure to act in the fact of overwhelming evidence that the defendants were prone to misconduct against civilians is evidence of its deliberate indifference to the individual defendants' demonstrated pattern of behavior, and the very real risk that they would continue to engage in constitutional violations, such as the assault that they eventually committed against plaintiff.

58. By reason thereof, the municipal defendant has violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## JURY DEMAND

59. Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against defendants jointly and severally as follows:

(a) Actual and punitive damages against the individual defendants in an amount to be determined at trial;

(b) Actual damages in an amount to be determined at trial against the City of New York;

(c) Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and New York common law, disbursements, and costs of the action; and

(d) Such other relief as the Court deems just and proper.

DATED:   August 1, 2018

   Brooklyn, New York

_AMY RAMEAU_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO:	All Defendants
	Corporation Counsel of the City of New York