UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                :

CECIL MCKENZIE,
                                                                :

          Plaintiff,                                       <u>ORDER</u>
                                                                :

        -v.-
                                                                :      18 Civ. 6913 (VEC) (GWG)

                                                                :

CITY OF NEW YORK, et al.,
                                                                :

          Defendants.
                                                                :
---------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      This Order concerns plaintiff's amended complaint (Docket # 42) and defendant City of New York's motion for summary judgment (Docket # 64).

      On August 1, 2018, plaintiff, through an attorney, filed a complaint that named as defendants the City of New York, Marquis Cross, Jose Calle-Palomeque, and Robert Zevon, and that alleged a claim under 42 U.S.C. § 1983 based on events that occurred on August 4, 2015 (Docket # 1).  The four defendants were served (Docket ## 17-20) and answered (Docket # 22).  On March 20, 2019, plaintiff's counsel moved to withdraw (Docket # 25).  In a memorandum endorsement dated April 10, 2019, Judge Caproni directed the Clerk of the Court to mail plaintiff a "pro se package" (Docket # 32).  The docket sheet reflects that a "pro se package" was mailed to plaintiff on April 11, 2019 (Docket # 33).  On April 24, 2019, plaintiff's counsel was relieved (Docket # 38).

      On May 7, 2019, plaintiff filed four documents that were presumably included in the "pro se package": an application to proceed without paying fees or costs (Docket # 39); a prisoner authorization (Docket # 40); a pro se memorandum that changed his address (Docket # 41); and a "complaint," which was docketed as an amended complaint (Docket # 42).

      The amended complaint, however, did not list any defendants in the section of the form that required the listing of all defendants.  The complaint did list the "City of New York" in the caption, however.[1]  The City filed an answer to the amended complaint on May 29, 2019 (Docket # 43).  The individual defendants did not file an answer.

---

[1] While the Clerk marked the three individual defendants as "terminated" on the docket sheet, we do not view this docket entry as having any legal effect.

On June 5, 2019, the case was referred to the undersigned (Docket # 48) and a scheduling order was entered on June 27, 2019 (Docket # 53). Discovery ensued and on March 6, 2020, the City filed a motion for summary judgement (Docket # 64). In its summary judgment motion, however, the Corporation Counsel does not purport to make any arguments on behalf of the individual defendants. Indeed, he argues, inter alia, that the entire case must be dismissed solely based on the fact that the City cannot be held liable for the acts of the individual defendant officers (Docket # 66 at 5-6 & n.1). In response, plaintiff notes that he named those officers as defendants (Docket # 73 at 1).

The problem here is that when the plaintiff was sent the "pro se package," the Clerk apparently included the Court's complaint form. The plaintiff filled out the complaint form along with other forms and returned them for filing (Docket ## 39-42). It appears there was no reason for the Court to provide a complaint form to the plaintiff, however, inasmuch as there was no indication that he had ever sought to file an amended complaint. More significantly, plaintiff was not given the standard warning given in this district when a plaintiff is given the opportunity to file an amended complaint: namely, that any amended complaint will completely replace a prior complaint. Thus, plaintiff obviously did not understand the potential significance of his filling out the complaint form with the defendants section left blank and only the City listed in the caption.

In light of the above, including the fact that the amended complaint did not even contain a listing of defendants, we cannot construe the amended complaint as manifesting plaintiff's intention to drop the individual defendants from this lawsuit.

Fed. R Civ. P. 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." For the reasons we have described, there was plainly no intention on the plaintiff's part to drop the individual defendants. Moreover, the language of the amended complaint suggests an effort to impose only individual liability, not municipal liability. Accordingly, the Court will exercise its power under Fed. R. Civ. P. 21 and reinstate Marquis Cross, Jose Calle-Palomeque, and Robert Zevon as defendants. In other words, we deem the amended complaint amended as of the date of this Order to name these three individuals as defendants.

The Court will give the three individual defendants an opportunity to answer the amended complaint. Any such answer shall be filed on or before August 6, 2020. See Fed. R. Civ. P. 15(a)(3) (defendants have 14 days to respond to an amended complaint).

The Court assumes that there will be no need to re-open discovery as a result of the addition of these defendants. But if any individual defendant who is named wishes to make an application to do so, that defendant shall make the application at the time the answer is filed.

Given the change in parties, the City's motion for summary judgment (Docket # 64) is deemed withdrawn without prejudice. If no party makes an application to re-open discovery, the Court will set a new schedule for the filing of any summary judgment motion.

     The Clerk is directed to reinstate Marquis Cross, Jose Calle-Palomeque, and Robert Zevon as defendants on the docket sheet. Also, the Clerk is directed to mail a copy of this Order to plaintiff.

SO ORDERED.

Dated: New York, New York
       July 23, 2020

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge