UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                              :

CECIL MCKENZIE,
                                              :

        Plaintiff,                       ORDER
                                              :

    -v.-
                                              :     18 Civ. 6913 (VEC) (GWG)

                                              :

CITY OF NEW YORK, et al.,
                                              :

        Defendants.
                                              :
---------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

       Defendants have moved for summary judgment. See Motion for Summary Judgment, filed September 10, 2020 (Docket # 81). In their reply memorandum, defendants state that plaintiff has "violated the protective order in this action[,]" by submitting records that are marked as confidential. See Reply Memorandum of Law in Support of Summary Judgment at 2, filed November 2, 2020 (Docket # 89). They ask that "pages 13 through 30 of plaintiff's opposition papers [Docket # 88]. . . be stricken from the public docket." Id. at 3.

       This case was designated as part of the district's section 1983 Plan, which "requires that the parties exchange at the beginning of discovery several types of documents . . . considered most helpful for an early disposition." Elliot v. City of New York, 2020 WL 6782046, at *2 (S.D.N.Y. Nov. 18, 2020) (citation and internal quotation marks omitted). As Elliot notes:

> From defendants, this includes particular NYPD Civilian Complaint Review Board ("CCRB") records, NYPD Internal Affairs Bureau records, and NYPD Central Personnel Index ("CPI") records relating to the incident underlying the lawsuit or to "complaints or incidents" involving the same officers "that are similar to the incident alleged in the complaint or that raise questions about the defendant's credibility." S.D.N.Y. Local Rule 83.10 § 5.a. . . .
>
> Consistent with the 1983 Plan's goal of expedition, Local Rule 83.10 also deems that a uniform Protective Order shall automatically apply in each case governed by the Plan. Id. § 11.

Id. This Protective Order prohibits the receiving party from filing documents covered by the Plan in a public court record unless the party "first make[s] an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential

Materials and . . . indicate[s] whether any other party objects to that request." See Plan for Certain § 1983 Cases Against the City of New York, Exhibit D, ¶ 8 (available at https://www.nysd.uscourts.gov/sites/default/files/pdf/1983-Revised-Plan-and-Exhibits.6.10.14.pdf).

  Pages 13 through 30 of plaintiff's opposition papers (Docket # 88), as assigned by the ECF system, apparently consist of materials designated as confidential under the uniform Protective Order. Plaintiff did not seek or obtain permission to file the materials under seal. Accordingly, they were filed in violation of the Court-ordered Protective Order and thus we will (1) remove those pages from Docket # 88 and (2) file them in a new docket # that is available to attorneys only.

  While nothing prevents plaintiff from making the application required by paragraph 8 of the Protective Order, the Court notes that the materials are irrelevant to the summary judgment motion. This is because they either consist of hearsay — specifically, an unsworn report of an investigation of the incident at issue in this case — or concern the defendant officers' conduct in unrelated matters. As a result, they will not be considered by the Court in issuing the Report and Recommendation inasmuch as we will construe all of plaintiff's contentions in the light most favorable to him. See Lucente v. Cnty of Suffolk, 980 F.3d 284, 288-89 (2d Cir. 2020) ("Although . . . evidence was disputed, the district court, in the context of a summary judgment motion, must view such evidence in the light most favorable to plaintiffs").

  The Clerk is requested to mail a copy of this Order to the plaintiff.

Dated: February 26, 2021
   New York, New York

              _____
              GABRIEL W. GORENSTEIN
              United States Magistrate Judge