USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
CECIL MCKENZIE,                                              :
                          Plaintiff,    :
                                         :
       -against-                                          :
                                         :       18-CV-6913 (VEC)
                                         :
THE CITY OF NEW YORK, MARQUIS CROSS,                         :       ORDER
JOSE CALLE-PALOMEQUE, AND ROBERT                             :
ZEVON,                                                       :
                                         :
                      Defendants.  :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 1, 2018, Plaintiff Cecil McKenzie, proceeding *pro se*,[1] filed a complaint against the City of New York ("City") and three New York Police Department ("NYPD") officers, Dkt. 1;

WHEREAS on May 7, 2019, McKenzie filed an amended complaint, Dkt. 42, which Defendants answered, Dkts. 43; 79;

WHEREAS on June 5, 2019, the Court referred this matter to Magistrate Judge Gorenstein for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, Dkt. 48; 28 U.S.C. § 636(b);

WHEREAS on September 10, 2020, Defendants filed a motion for summary judgment, Dkt. 81, and McKenzie opposed the motion, Dkt. 88;

WHEREAS on February 26, 2021, Judge Gorenstein entered an R&R, recommending that the Court grant Defendants' motion for summary judgment, Dkt. 94;

---

[1] McKenzie was initially represented by an attorney. On April 24, 2019, the Court granted the attorney's motion to be relieved as counsel. *See* Endorsement, Dkt. 38.

WHEREAS in the R&R, Judge Gorenstein notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, Dkt. 94 at 16;

WHEREAS Judge Gorenstein further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS on February 26, 2021, the Clerk of Court emailed a copy of the R&R to Defense counsel and on March 1, 2021, the Clerk mailed a copy of the R&R to McKenzie at the address he provided, Dkt. 90;

WHEREAS no objections were filed by either party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full, Defendants' motion for summary judgment is granted, and this case is DISMISSED. Judge Gorenstein applied the correct legal standard. He rightly recognized that as a *pro se* party, McKenzie's filings should be construed "liberally to raise the strongest arguments that they suggest." R&R, Dkt. 94 at 7

(citing *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015)); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (collecting cases finding that *pro se* parties must be accorded a "special solicitude"). Applying this standard, Judge Gorenstein was correct to construe McKenzie's claims as ones brought pursuant to 42 U.S.C. § 1983, for violations of his constitutional rights to be free from excessive force and malicious prosecution. R&R at 7. Additionally, Judge Gorenstein applied the right summary judgment standard, which requires viewing the facts in the light most favorable to McKenzie and determining whether Defendants have shown that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. R&R at 5–6 (citing Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

With respect to excessive force, Judge Gorenstein properly assessed whether the force used in McKenzie's arrest was excessive pursuant to the Fourth Amendment's reasonableness standard. R&R at 7 (citing *Brown v. City of New York*, 798 F.3d 94, 100 (2d Cir. 2015); *Graham v. Connor*, 490 U.S. 386, 395 (1989)). To make this assessment, Judge Gorenstein grouped McKenzie's excessive force claims into four sets of actions: (1) Detective Cross tackling McKenzie to the ground; (2) Detective Cross placing McKenzie in a headlock/chokehold and punching him in the face; (3) Officer Calle-Palomeque holding McKenzie's arms; and (4) Officer Zevon throwing or slamming McKenzie to the ground at the precinct. R&R at 8.

Although both Detective Cross and Officer Calle-Palomeque deny that McKenzie was ever put in a headlock or punched, *see* R&R at 4 n.2 (citing Cross Decl., Dkt. 84-2 ¶¶ 20–21; Calle-Palomeque Decl., Dkt. 84-3 ¶¶ 20–21), Judge Gorenstein rightly construed the facts in the light most favorable to McKenzie. With respect to the first three categories of actions, the Court finds no clear error in Judge Gorenstein's conclusion that the force used was reasonable because, according to McKenzie's own deposition, he was attempting to flee and that he kept trying to

3

flee even after the officers escalated their force. *See* R&R at 8–9 (citing McKenzie Dep., Dkt. 85-1 at 48–51). As he himself testified, he only stopped trying to flee after Detective Cross punched him in the face. McKenzie Dep. at 54. With respect to the fourth category, the Court agrees that McKenzie's failure to connect the alleged harm (the alleged throwing or slamming him to the ground at the precinct) with his injuries demonstrates that a reasonable jury would not find Officer Zevon liable for excessive force. R&R at 13–14. In short, with no clear error in Judge Gorenstein's findings, the Court dismisses McKenzie's excessive force claims.

McKenzie's malicious prosecution claim pertains to the reason for his arrest. Two of the Defendants allegedly observed McKenzie make sexual gestures towards a female passenger on the subway. R&R at 3 (citing Cross Decl. ¶¶ 7–8; Calle-Palomeque Decl. ¶¶ 7–8). After a trial in state court, McKenzie was convicted of persistent sexual abuse. *Id.* (citing the Criminal Trial Tr., Dkt. 84-7 at 3). McKenzie claims that Detective Cross coerced the victim to make a statement and to testify against McKenzie at trial. *Id.* at 14 (citing Pl. Resp., Dkt. 88 at 10). But Judge Gorenstein is correct that to prevail on a claim of malicious prosecution under New York tort law, a plaintiff must demonstrate that he or she prevailed in the underlying proceeding, among other elements. *Id.* (citing *De Lourdes Torres v. Jones*, 26 N.Y.3d 742, 760 (2016); *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003); *O'Brien v. Alexander*, 101 F.3d 1479, 1484 (2d Cir. 1996)). Because McKenzie was convicted in the underlying criminal case and his conviction has not been vacated or overturned on appeal, Judge Gorenstein was correct to find that this claim fails as a matter of law. Accordingly, the Court dismisses McKenzie's malicious prosecution claim.

McKenzie also names the City as a Defendant in this action. Judge Gorenstein is correct that a municipality may be held liable pursuant to 42 U.S.C. § 1983 only if the deprivation of the plaintiff's rights is caused "by a government custom, policy or usage of the municipality." *See* R&R at 15 (citing *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Monell v. Dep't of Soc.*

*Servs.*, 436 U.S. 658, 690–91 (1978)). Because the Court has dismissed all of McKenzie's claims that his rights have been violated, the Court finds that his claims against the City fail as a matter of law.

In short, even when relying on McKenzie's own statements from his deposition and his response in opposition to Defendants' motion for summary judgment, it is clear that Defendants are entitled to a judgment as a matter of law. Accordingly, the Court adopts the R&R in full, grants Defendants' motion for summary judgment, and dismisses this case.

Because the R&R gave the parties adequate warning, *see* R&R at 16, Plaintiff's failure to file any objections to the R&R precludes appellate review of this decision. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to terminate all open motions and to close this case. The Clerk is further directed to mail this Order to Mr. McKenzie and to note the mailing on the docket.

**SO ORDERED.**

Date: July 2, 2021
New York, New York

_____
VALERIE CAPRONI
United States District Judge